Caleb J. BAILEY and Annie Bailey, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 85–660–JJF.**

United States District Court, D. Delaware.

April 29, 1988.

---

**3.** I attach no significance to the change in language from "source of income" to "portion of income".

Edward C. Gill, of Robert C. Wolhar, Jr. & Associates, Georgetown, Del., for plaintiffs.

William C. Carpenter, Jr., U.S. Atty. and Charlene D. Davis, Asst. U.S. Atty., Wilmington, Del., for defendant; and Henry S. Friedman, U.S. Dept. of Justice, Washington, D.C., of counsel.

## MEMORANDUM OPINION

FARNAN, District Judge.

Plaintiffs, Caleb Bailey and Annie Bailey ("Baileys"), filed this action against the United States Government in November of 1985, seeking return of tax refunds that had been seized by the Internal Revenue Service ("IRS"). In their complaint, the Baileys allege that the IRS had improperly retained their 1982 and 1983 tax refunds and they sought the refunds plus interest, costs and attorneys' fees.

The Baileys and the IRS have settled this matter and the plaintiffs have now filed an application for an award of attorney's fees in the amount of $967.50.[1]

## BACKGROUND

The IRS claimed it seized the 1982 and 1983 refunds because the Baileys had underreported their taxable income in prior years and therefore owed the government delinquent taxes, while the Baileys claimed they had reported all their income and were not delinquent and demanded their 1982 and 1983 refunds. In an effort to resolve the dispute, the Baileys retained an attorney who discovered that the reason the IRS believed the Baileys had underreported their income was because an individual named Calip Bailey had been using plaintiff Caleb Bailey's Social Security number. As a result, the IRS computer system credited the earnings of Calip Bailey to Caleb Bailey and thus it appeared that Caleb Bailey had not reported all of his income for the subject years. After being provided this information by the Baileys' attorney, the IRS undertook further inquiry and learned that Calip Bailey is the half-brother of Caleb Bailey, a fact which the Baileys did not disclose to the IRS. No explanation has been provided as to the circumstances surrounding the use by Calip Bailey of Caleb Bailey's Social Security number. In any event, the IRS determined that Caleb Bailey was not responsible for the income reported on his Social Security number by his half-brother Calip Bailey and agreed the Baileys were entitled to receive their 1982 and 1983 refunds. In due course, refund checks were issued and mailed to the Baileys for the 1982 and 1983 tax years; however, the checks were mistakenly made payable to Calip Bailey and his wife. Caleb and Annie Bailey returned the checks to the IRS and a second set of refund checks were issued, but the IRS again drafted the checks in the wrong names. Thereafter,

---

**1.** The plaintiffs applied for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. 28 U.S.C. § 2412 has been supplanted by 26 U.S.C. § 7430 for the purposes of seeking attorneys fees in tax cases against the United States. This Court therefore will consider plaintiffs' application as if made under 26 U.S.C. § 7430.

Caleb and Annie Bailey made several requests to the IRS to again issue corrected checks, but no action was taken by the IRS. The Baileys then filed this action. Since the commencement of this action, the IRS has issued refund checks to Caleb and Annie Bailey for the full amount due them as tax refunds for the 1982 and 1983 tax years, and this lawsuit has been settled on the merits leaving only the question of the attorney's fee application by the Baileys.

## DISCUSSION

The issue is whether the Baileys are entitled to attorney's fees under 26 U.S.C. § 7430. Section 7430 reads in pertinent part:

(a) *In general.*—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district Court) for reasonable litigation costs incurred in such proceeding.

. . . .

(c) *Definitions.* . . .

(2) *Prevailing party.*—

(A) *In general.*—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was not substantially justified,

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, . . .

(B) *Determination as to prevailing party.*—Any determination under sub-paragraph (A) as to whether a party is a prevailing party shall be made—

(i) by the court, or

(ii) by agreement of the parties.

(3) *Civil actions.*—The term "civil proceeding" includes a civil action.

(4) *Position of United States.*—The term "position of the United States" includes—

(A) the position taken by the United States in the civil proceeding, and

(B) any administrative action or inaction by the District Counsel of the Internal Reveneu Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

26 U.S.C. § 7430. Section 7430 requires the Court to make two determinations in regard to the present application of the plaintiffs. First the Court must decide whether the plaintiffs are the prevailing parties in this action and, second, whether the plaintiffs have established that the position of the United States in the civil proceeding was not substantially justified. Since there is no question that the plaintiffs are the prevailing parties for the purpose of section 7430, the Court will move on to examine whether the position taken by the United States was substantially justified.

It is clear from the statute itself that in determining whether the position of the United States was substantially justified, the Court must consider not only the position taken in this action but also the position the government adopted in the underlying administrative action. *See* 26 U.S.C. § 7430(c)(4)(B). Based on the record before me, I conclude that the IRS did act reasonably and its positions both at the administrative level and in this action were substantially justified, and, therefore, the plaintiffs are not entitled to attorney's fees.

The initial position of the IRS in the underlying administrative action against the Baileys is plain. The IRS asserted its right against the Baileys to seize their tax refunds for the 1982 and 1983 tax years in satisfaction of their tax liability on unreported income the IRS believed had been

earned by Caleb Bailey. Certainly such action by the IRS, based on the information it had acquired through its computer match system, was justifiable and appropriate and not open to any serious challenge by the taxpayer. At the time the IRS took this position, it had no reason to believe that the information generated from its computer system was incorrect, i.e., that the income earned on Caleb Bailey's Social Security number was his and had not been reported for income tax purposes. And, once the IRS was provided with the new information by the Baileys' attorney that someone named Calip Bailey was using Caleb Bailey's Social Security number improperly, the IRS agreed that Caleb and Annie Bailey were entitled to their refunds and immediately commenced the process to have refund checks issued to the Baileys. It is significant that the origin of the IRS's initial misinformation was Calip Bailey, the half-brother of the plaintiff, and that this relationship was uncovered not by information supplied by the Baileys or their attorney but by the IRS's inquiry into Calip Bailey's' use of the Social Security number. Regardless of the intrigue surrounding the use of the Social Security number, it is clear that the position taken by the IRS in its administrative dealings with the Baileys was reasonable and justified. I do not construe the failed efforts of the IRS to issue the subject refund checks in the correct names as their "position" as that term is understood in the statute, and no unreasonableness as to its position can be attributed to the IRS because of its inability to complete the process of returning the refund checks to the Baileys. On this record, I conclude that the IRS did not act unreasonably at the administrative level or during the conduct of this lawsuit. There is nothing to indicate that the IRS should have had any information other than what it had prior to the time that it was supplied the additional facts by plaintiffs' attorney, and, therefore, the plaintiffs have not met their burden of showing that the government's position was unreasonable or unjustified.

An order consistent with this opinion will be entered.